UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR MONSON,

    Plaintiffs,

v.

JOAN GHOUGOIAN, *et al.*,

    Defendants.

Case No. 18-10638
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**ORDER DENYING DEFENDANT'S MOTION FOR ALTERNATIVE SERVICE [65]**

Lamarr Monson brings this § 1983 suit against former Detroit Police Officers he says violated his Constitutional rights back in the late 1990s. The officers were part of the investigation and trial that ended in Monson's murder conviction and resultant lengthy term of incarceration.

Before the Court is Defendants' motion for alternative service of a subpoena on Cynthia Stewart, a third-party witness. Stewart testified at Monson's trial and the Defendants want to take her deposition. To that end, the Defendants subpoenaed Stewart pursuant to Federal Rule of Civil Procedure 45. But, thus far, the Defendants have not been able to personally serve Stewart. So the Defendants ask the Court to permit their use of alternative service, namely, "tacking a subpoena and deposition notice to the front door of her home and sending them to her via first-class mail." (ECF No. 65, PageID.2672.)

Among other things, Federal Rule of Civil Procedure 45 says "[s]erving a subpoena requires *delivering a copy to the named person* and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1) (emphasis added). The rule's direction to deliver "a copy to the named person" has caused some confusion. The circuits are split over whether that language requires personal

service. *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753 (E.D. Mich. 2011) (collecting cases). The same goes for courts in this district. *Compare Oceanfirst*, 794 F. Supp. 2d at 754 ("The Court is persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort.") *with Powell v. State Farm Fire & Cas. Co.*, No. 15-13342, 2015 U.S. Dist. LEXIS 192106, at *2 (E.D. Mich. Dec. 23, 2015) ("Under Rule 45(b), personal service expressly is required; the rule makes no allowance for service by alternate means."). And while the Sixth Circuit has indicated that Rule 45 requires personal service in some situations, *see Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015), it has not conclusively joined the circuit split one way or another, *see Oceanfirst*, 794 F. Supp. 2d at 753.

However, the reasoning used by courts permitting alternative service is persuasive, especially the reasoning in *Oceanfirst*. And coupled with the Court's interest in an efficient and time-effective resolution of this matter, *see* Fed. R. Civ. P. 1, the Court will read Rule 45 "to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." *Oceanfirst*, 794 F. Supp. 2d. at 754; *see also Thurmond v. City of Southfield*, No. 15-13167, 2016 U.S. Dist. LEXIS 160571, at *3–4 (E.D. Mich. Nov. 19, 2016). The alternative service must be "reasonably calculated to achieve actual delivery." *Oceanfirst*, 794 F. Supp. 2d. at 754 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

However, the Defendants have not yet demonstrated a diligent effort to serve Stewart personally. Defendants' motion includes an affidavit from a private investigator tasked with locating Stewart. (ECF No. 65-5.) The private investigator reached Stewart by phone, confirmed her address, and went to that address. (ECF No. 65, PageID.2705–2706.) And when he went to the

address, he was able to confirm, from Stewart's cousin, that Stewart lives at the address. (*Id.*) But the private investigator only went to the address twice, both times on the same day. (*Id.*) And both times Stewart was not home. (*Id.* at PageID.2706.) So while the private investigator's affidavit is enough to establish that mailing the documents to the address and posting them to the door are "reasonably calculated to achieve actual delivery" the affidavit does not demonstrate a diligent try at serving Stewart personally. *See, e.g.*, *Stallworth v. City of Pleasant Ridge*, No. 16-10696, at *5 (E.D. Mich. Mar. 21, 2017).

So, at this time, the Court DENIES without prejudice Defendants' motion for alternative service. Should the private investigator continue to be unable to serve Stewart at her home address, Defendants may once again request permission to seek out alternative means of service.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: June 13, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, June 13, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager