UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR MONSON,

    Plaintiff,

v.

BARBARA SIMON, *et al.*,

    Defendants.

Case No. 18-10638
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND [67]**

Lamarr Monson brings this § 1983 suit against a number of Detroit Police Officers. In the late 1990s, Monson was convicted of second-degree murder. Monson says during the investigation leading up to his trial, and, later, at his trial, the Detroit police officers sued here violated a number of Monson's constitutional rights. So Monson's first amended complaint alleged federal and state law claims against the City of Detroit, Detroit's then-police chief, and the individual officers involved in this case.

In time, all Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 30.) Monson responded. (ECF No. 33.) At no time did he seek leave to file another amended complaint, nor did his response indicate how he would cure the alleged pleading deficiencies. (*Id.*) He simply opposed the motion on the merits and gave no indication that he was able to plead additional facts. The Court issued a lengthy opinion in which most of Monson's claims against the individual officers survived, but his federal claims against Detroit and its then-police chief were dismissed. (ECF No. 43.) Three months later, Monson moved for leave to amend a second time. (ECF No. 67.) Armed with the flaws pointed out in the Court's opinion and order, Monson thinks he can patch up the dismissed claims.

It is true that Rule 15 codifies a liberal amendment policy. *See Moncier v. Jones*, 557 F. App'x 407, 410 (6th Cir. 2014). But, at this point, quite a bit stands in the way of granting Monson leave to amend. One, Rule 15 is not so liberal as to require leave to amend following a dismissal pursuant to Rule 12(b)(6). Two, Monson did not follow the proper procedure for seeking leave to amend. Three, going back to the drawing board at this stage prejudices the Defendants. And, four, Monson's proposed amendments are futile.

Start with the fact that Monson has amended once before. Defendants have already tested the legal sufficiency of that amended complaint. And justice does not require Monson have another shot at amendment following a dismissal pursuant to 12(b)(6). *See Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 273 (6th Cir. 2018) (citing *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 918 n.2 (6th Cir. 2017) ("Where parties have fully argued the merits of a 12(b)(6) motion to dismiss and the district court has duly considered those arguments and issued an opinion resolving the motion, it is a stretch to say justice requires granting leave to cure the complaint's deficiencies as identified in adversarial pleadings and the district court's order[.]"). So Monson's motion is subject to denial for this reason alone.

Plus, Monson failed to follow the proper procedure to seek leave to amend. Monson never sought leave during the pendency of the 12(b)(6) motion, nor did he even offer a "bare statement requesting leave to amend in [his] brief in opposition to the defendants' motion to dismiss." *Stambaugh v. Corrpro Cos.*, 116 F. App'x 592, 598 (6th Cir. 2004) (citing *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)). Only after the Court issued an opinion dismissing some of Monson's claims did Monson come forward with a better way to plead those claims. Yet "[r]equiring the district court to both state the reasons for its dismissal and then allow [Monson] to amend the Complaint without [Monson] having asked permission would be akin to mandating

the district court to issue an advisory opinion." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). So once again, Monson's motion to amend is subject to denial.

Next, letting Monson replead, now, would prejudice the Defendants. Monson wants to go back to square one for a second time, this time with help from the Court's opinion. Under the circumstances, Monson's motion is dilatory. *See Dry v. Methodist Medical Center, Inc.*, 893 F.2d 1334 (table), 1990 U.S. App. LEXIS 721, at *16–17 (6th Cir. Jan. 19, 1990). Defendants have already expended time and resources testing the legal sufficiency of Monson's first amended complaint. And further litigation on the pleadings just serves to needlessly prolong this case. That is especially so because Monson has pled some claims that live to see discovery.

Finally, and briefly, Monson's proposed amendments are futile. Having reviewed the amendments Monson proposes, and having read the Defendants' response, the Court agrees that Monson's amended claims would not survive a 12(b)(6) motion. *See SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014). So for the reasons stated in the Defendants' response, Monson's second amended complaint is futile and his motion for leave to amend is subject to denial for that reason as well.

For all of these reasons, Monson's motion to amend (ECF No. 67) is DENIED.

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Date: July 15, 2019

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, July 15, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

<u>s/William Barkholz</u>
Case Manager