# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LAMARR MONSON,<br><br>    Plaintiffs,<br><br>v.<br><br>JOAN GHOUGOIAN, *et al.*,<br><br>    Defendants. | Case No. 18-10638<br>Honorable Laurie J. Michelson<br>Magistrate Judge Stephanie Dawkins Davis |

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO DEPOSE CYNTHIA STEWART WHILE SHE IS INCARCERATED [118]

In 1997, Lamarr Monson was convicted of murdering 12-year old Christina Brown. He received a 30-year sentence. In 2017, after the Michigan Innocence Clinic uncovered exculpatory evidence, a state circuit court judge granted Monson's motion for a new trial. Then, the Wayne County Prosecutor's Office opted not to retry Monson and a state judge dismissed the criminal case against Monson.

Monson then brought this § 1983 suit against former Detroit Police Officers involved in the investigation and trial of the underlying murder case who he says violated his Constitutional rights. One of the claims that survived Defendants' motion to dismiss is Monson's claim for malicious prosecution.

In connection with this claim, Defendants want to depose Cynthia Stewart, a third-party witness. Stewart was acquainted with Brown and gave a statement to police following her murder. She indicated Brown and Monson were boyfriend and girlfriend,

that Brown sold drugs for him, and that Monson (according to Brown) had threatened her. (ECF No. 122-3.) Stewart also testified at Monson's criminal trial regarding some of her interactions with Brown and Monson. (ECF No. 121-3.) Stewart is currently incarcerated. So Defendants have filed the present motion for leave to take her deposition. Plaintiff opposes the motion. (ECF No. 121.) According to Plaintiff, "Ms. Stewart did not witness anything relevant in this case. She did not witness the murder, and admittedly had never stepped foot in the apartment where Christina [Brown] was staying. She also testified she had not seen Christina Brown for approximately one month before Christina's death, and she had not seen Mr. Monson for an even longer period of time." (ECF No. 121, PageID.5364.)

In order to depose a witness confined in prison, the Federal Rules of Civil Procedure provide that a party "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (b)(2)." Fed. R. Civ. P. 30(a)(2)(B). In turn, Rule 26 provides that parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

The scope of discovery is "within the sound discretion of the trial court," *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008), and is traditionally quite broad, *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Here, the Defendants' reply brief adequately sets forth the relevance of Stewart's anticipated testimony. And whether certain aspects of that testimony are ultimately admissible at trial is an issue for another day.

Thus, Defendants' motion for leave to depose Cynthia Stewart while she is incarcerated (ECF No. 118) is **GRANTED**.

IT IS SO ORDERED.

Dated: December 6, 2019

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE