UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR MONSON,

      Plaintiff,

v.

JOAN GHOUGOIAN, *et al.*,

      Defendants.

Case No. 18-10638
Honorable Laurie J. Michelson

---

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY THE PROCEEDINGS [303]

---

After years of motion practice and extensive discovery, the Court ruled on the parties' cross-motions for summary judgment in this case. (ECF Nos. 292, 293, 297.) Many of Monson's claims survived and are ready for trial. But Defendants appealed the Court's decision to deny them qualified immunity. (ECF No. 294, 301.)

Now before the Court is Defendants' motion to stay the proceedings pending resolution of the appeal. (ECF No. 303.) Monson opposes the motion, arguing that the appeal is "frivolous" and intended to unduly delay trial. (ECF No. 305.)

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). And "[i]t is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a

case simultaneously." *Griggs*, 459 U.S. at 58. However, the Sixth Circuit has recognized that interlocutory appeals like this one "can be employed for the sole purpose of delaying trial." *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). Accordingly, it has suggested that a district court can "certify an appeal as frivolous and begin the trial" despite a pending appeal. *Id.*; *but see McNeal v. Kott*, 590 F. App'x 566, 569 (6th Cir. 2014) ("A district court may (or may not) have authority to issue an order labeling an interlocutory appeal as frivolous after the government defendants file a notice of appeal.").

Monson might be right that the appeal is frivolous and intended to delay trial. But at this early stage, the Court declines to certify the appeal as frivolous. The Defendants argue that they are entitled to qualified immunity because they did not violate any clearly established law. *See Monson v. Ghougoian*, No. 22-2050 (6th Cir.), (ECF No. 25, PageID.1 (Civil Appeal Statement of Parties and Issues)) (available at ECF No. 305-2 in this case). This argument turns—at least facially—on an issue of law appropriate for appeal. *See Bunkley v. City of Detroit*, 902 F.3d 552, 560–61 (6th Cir. 2018) ("But the denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision . . . notwithstanding the absence of a final judgment." (cleaned up)).

If Monson is right that the appeal is frivolous, the Court of Appeals will remand the case in due time, and Monson can seek sanctions. *See McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016) ("If a court of appeals determines that an appeal is

frivolous, it may . . . award just damages and single or double costs to the appellee." (citing Fed. R. App. P. 38)).

But if Monson is wrong, proceeding with the trial would waste judicial resources. Indeed, the Court might try a case that should not be tried, or it might be required to try the case twice. *See Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *4 (E.D. Mich. Mar. 12, 2021) (concluding that trying a case while an interlocutory appeal is pending might "result in duplication, waste, and additional expense"). In addition, proceeding with the case "may result in a violation of the prerogatives of government officials that cannot be undone." *See Gentry v. Wayne Cnty.*, No. 10-CV-11714, 2011 WL 13160849, at *2 (E.D. Mich. Oct. 17, 2011) (noting that qualified immunity is a protection not only from liability, but also from the trial process).

So the Court will GRANT Defendants' motion to stay the proceedings. (ECF No. 303.)

It is further ORDERED that the case is STAYED until the Sixth Circuit has issued a decision on appeal.

SO ORDERED.

Dated: February 27, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE